IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| **WILLIAM ARDAS SARRINGAR,** § <br> **TDCJ No. 1092348,** § <br> § <br> Petitioner, § <br> § <br> v. § <br> § <br> **LORIE DAVIS, Director,** § <br> **Texas Department of Criminal Justice,** § <br> **Correctional Institutions Division,** § <br> § <br> Respondent. § | Civil Action No. 7:18-cv-00082-O-BP |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is a Petition for a Writ of Habeas Corpus filed by Petitioner William Ardas Sarringar pursuant to 28 U.S.C. § 2254 on June 5, 2018. ECF No. 1. After considering the pleadings and the applicable law, the undersigned **RECOMMENDS** that United States District Judge Reed C. O'Connor **DISMISS** the Petition for Writ of Habeas Corpus (ECF No. 1) **with prejudice** as time-barred.

### BACKGROUND

Petitioner William Ardas Sarringar ("Sarringar"), also known as Corey D. Reynolds, is a prisoner confined in the Allred Unit of the Texas Department of Criminal Justice ("TDCJ") in Iowa Park, Texas. ECF No. 1 at 1. According to Sarringar's Petition for a Writ of Habeas Corpus (the "Petition"), he challenges his conviction on March 27, 2001, for aggravated robbery with a deadly weapon (firearm), for which he was given a life sentence. *Id.* at 2.

The TDCJ website reflects that Sarringar was sentenced for that offense on March 21, 2002. Offender Information Details, TDCJ,

https://offender.tdcj.texas.gov/OffenderSearch/offenderDetail.action?sid=06042624 (last visited July 5, 2018) (hereinafter "TDCJ Website"). The site also shows that he was sentenced on July 11, 2002, on two other charges of aggravated robbery with a deadly weapon and that he received a sixty-year sentence for each offense. *Id.* Sarringar does not mention these other charges in his habeas petition. ECF No. 1 at 2.

Sarringar filed a direct appeal in the Second Court of Appeals in Fort Worth, Texas, which affirmed his sentence on March 6, 2003. *Id.* at 3. He also filed a petition for discretionary review, which was refused in June 2003. *Id.* Sarringar filed a state writ of habeas corpus application to the Texas Court of Criminal Appeals, which was denied without written order on the trial court's findings, on March 6, 2006. *Id.* at 3–4. He filed a request for reconsideration of that application on March 20, 2017, which was denied on March 30, 2017, without written order. *Id.* at 5. Sarringar also filed an application for a subsequent writ, which the Texas Court of Criminal Appeals denied on April 11, 2018. *Id.* at 4.

In his Petition, Sarringar states the following grounds for habeas relief: (1) lack of subject-matter jurisdiction of the state trial court; (2) lack of a valid indictment; (3) newly discovered evidence that the grand jury proceeding was defective; and (4) ineffective assistance of counsel during pretrial proceedings. *Id.* at 7–10. He requests as relief that his conviction be reversed and remanded to the trial court with an order of acquittal. *Id.* at 10.

## LEGAL STANDARD AND ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations for an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of several dates, including, relevant to this case, "the date on which the judgment became

final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." 28 U.S.C. § 2244(d)(1)(A). A later application for state habeas relief has no effect on AEDPA's limitations period. *Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999); *see also Roberts v. Cockrell*, 319 F.3d 690, 694–95 (5th Cir. 2003); *Scott v. Johnson*, 227 F.3d 260, 262–63 (5th Cir. 2000).

Sarringar was convicted in either March 2001 or 2002. ECF No. 1 at 2; TDCJ Website. The appeals court affirmed his sentence on March 6, 2003, and the Texas Court of Criminal Appeals refused his petition for discretionary review in June 2003. ECF No. 1 at 3. Therefore his one-year limitations period began to run in June 2003, and ended in June 2004. *See* 28 U.S.C. § 2244(d)(1)(A). Sarringar filed his Petition in this Court fourteen years after the end of the statute of limitations period under AEDPA, and therefore the Petition is time-barred.

Sarringar argues that because his claims rely on actual innocence and newly discovered evidence, his Petition is not time-barred. ECF No. 1 at 13. He additionally argues that his claims are not subject to forfeiture or waiver because they are challenges to the subject-matter jurisdiction of the trial court. *Id.*

## I.    Actual Innocence

Sarringar has not presented a claim reliant on actual innocence, that is, that he was not the one who committed the crime. "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623–24 (1998) (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)). In other words, actual innocence means that the person did not commit the crime. *Johnson v. Hargett*, 978 F.2d 855, 860 (5th Cir. 1992) (citing, *inter alia*, *McCleskey v. Zant*, 499 U.S. 467, 501 (1991). Sarringar cites *Schlup v. Delo* for the proposition that his actual-innocence claim is not barred by AEDPA's statute of limitations, but that case does not consider

AEDPA's statute of limitations at all. *See* 513 U.S. 298 (1995)) (setting the gateway standard for actual innocence claims as requiring a showing that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt). It is true that a convincing actual innocence claim can be an exception to AEDPA's statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013).

However, Sarringar nowhere argues or provides evidence that he did not commit the crime for which he was convicted. *See* ECF Nos. 1 and 2. Instead, his arguments concern a host of alleged procedural violations during pretrial, including a defective indictment (because it carried his alias, rather than his true name), a defective grand jury (because the grand-jury proceeding may have been too short), the prosecution's knowledge of the allegedly defective indictment and grand-jury proceeding, and ineffective assistance of counsel. ECF No. 1 at 7–10; 13–18. These are legal innocence claims, not actual innocence claims, and they are barred by AEDPA's statute of limitations.

**II.   Newly Discovered Evidence**

Sarringar also argues that his claims are not barred by AEDPA's statute of limitations because they are dependent on newly discovered evidence, pursuant to 28 U.S.C. § 2244(d)(1)(D) (tolling until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence"). ECF No. 1 at 13. He asserts that he could not obtain the records of his indictment or grand jury proceedings through reasonable diligence because the State fought to keep him from gaining the information under Section 552.028 of the Texas Open Records Act. Tex. Gov't Code § 552.028. This section provides that a government body is not required to accept or comply with a request for information from an individual who is imprisoned or confined in a correctional facility, or from any agent of that individual other than

his attorney. *Id.* Sarringar received this information after a ruling from the Texas Attorney General's Open Records Division required the district attorney's office to disclose the information to a third party, after which ruling the third party gave it to him. ECF No. 3 at 47–50.

An inmate "does not have a federally-protected right to a free copy of his transcript or other court records merely to search for possible error in order to file a petition for collateral relief at some future date." *Wright v. Curry*, 122 Fed. App'x 724, 725 (5th Cir. 2004) (quoting *Colbert v. Beto*, 439 F.2d 1130, 1131 (5th Cir. 1971) (considering Tex. Gov't Code § 552.028); *see also Jackson v. Estelle*, 672 F.2d 505, 506 (5th Cir. 1982) ("But 'the state is not obligated to automatically supply a complete verbatim transcript,' nor is the state 'required to furnish complete transcripts so that defendants and their counsel may conduct "fishing expeditions" to seek out possible errors at trial.'") (citations omitted). Sarringar appears to be engaged in such a fishing expedition, fourteen years after his time to file a federal habeas petition ended. Sarringar cannot claim that he could not have discovered the factual predicate of these claims until now, as required by 28 U.S.C. § 2244(d)(1)(D), because his indictment was in front of him prior to and during his trial, and the other pretrial records, if not before him then, could have been obtained at any point before his conviction. *See Rogers v. Dir., TDCJ-CID*, No. 4:13CV573, 2016 WL 5339703, at *3 (E.D. Tex. Aug. 9, 2016), *report and recommendation adopted*, No. 4:13CV573, 2016 WL 5118642 (E.D. Tex. Sept. 21, 2016) (finding that a habeas petitioner's limitations period was not tolled because the county records office refused to give him records concerning an allegedly missing exhibit presented at trial, as petitioner could have discovered the factual predicate for his claim at trial). In the appendix to his Petition, Sarringar includes a copy of what he titles a "Pre-Trial Motion for Discovery of Grand Jury Transcript," though the motion is stamped December 16, 2003, which would place the motion after his trial and, in fact, after his direct appeal. ECF No.

3 at 23–28; No. 1 at 2–3. The Texas Open Records Act would not have barred his attorney from making such a motion at trial. *See* Tex. Gov't Code § 552.028(2) (exempting attorney requests if the information is otherwise subject to disclosure). Sarringar could have discovered the factual predicate for his claims of pre-trial defects over sixteen years ago, when they allegedly occurred.

Relevant to his claim of newly discovered evidence, Sarringar states that his case is indistinguishable from *Hamilton v. McCotter*, 772 F.2d 171 (5th Cir. 1985). ECF No. 2 at 19. He asserts that, in *Hamilton*, the United States Court of Appeals for the Fifth Circuit ruled that the district court should not have dismissed a petitioner's subsequent writ because "[d]ue to the very nature of the claim, it is not one of which appellant or any of his lawyers could be expected to have been aware." 772 F.2d at 183. Distinct from the facts of Sarringar's case, however, the petitioner in *Hamilton* had recently learned of an alleged practice in the Dallas District Attorney's office of manufacturing fraudulent indictments, which is by no means indistinguishable from Sarringar's claim that his indictment contained his alias rather than his true name. *Id.* More importantly, *Hamilton* concerns a dismissal for abuse of the writ process, rather than the statute of limitations under AEDPA—which was not enacted at any rate until 1996, ten years after *Hamilton*. *Id.*; *United States v. Ressler*, 122 F.3d 285, 286 (5th Cir. 1997). Similarly, Sarringar's claim that *Schouest v. Whitley* exempts him from AEDPA's time bar fails because that case too only concerns dismissal for abuse of the writ, not the later-enacted AEDPA. 927 F.2d 205, 208 (5th Cir. 1991); ECF No. 2 at 19. Sarringar has not shown that his petition is not barred by the statute of limitations based on newly discovered evidence.

### III.   Subject-Matter Jurisdiction

Sarringar argues that because the grounds he raises—in particular, the allegedly defective indictment—are challenges to subject-matter jurisdiction, they are not barred by AEDPA's statute

of limitations. ECF No. 1 at 13. He argues that because subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt, such claims can never be time-barred in a habeas petition. ECF No. 2 at 11–12, 19–20 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009)); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)). The cases Sarringar cites did not consider AEDPA or federal habeas review, and Sarringar cites no cases that do. The proposition from these cases refers to the obligation of an appellate court to review whether the court has subject-matter jurisdiction over the case before it. *Arbaugh*, 546 U.S. at 513. There is no apparent relevance of these cases to the question of whether a collateral proceeding, which is a separate action from the original proceeding, can be time-barred under AEDPA.

"[A]t issue in [petitioner's] claim is not that the court lacks power to adjudicate this case—his § 2255 motion—but rather a want of jurisdiction in his criminal case. Jurisdictional claims are subject to the one-year limitations period for § 2255 claims . . . . In sum, the statutory limitations on § 2255 review apply to jurisdictional claims." *United States v. Scruggs*, 691 F.3d 660, 666–67 (5th Cir. 2012). The same is true of § 2254 cases, and the Court of Appeals for Fifth Circuit and other courts within this circuit have dismissed habeas petitions under AEDPA's statute of limitations even though the petitioner alleged the presence of defective indictments and other errors related to subject-matter jurisdiction. *E.g. McCreary v. Dir.*, TDCJ-CID, CIV.A. 6:06CV167, 2006 WL 1318713, at *1 (E.D. Tex. May 15, 2006) (citing *Scott v. Johnson*, 227 F.3d 260 (5th Cir. 2000)) ("The Fifth Circuit . . . has enforced [AEDPA's] one year statute of limitations even though a petitioner alleged the indictment was defective."); *Hill v. Dir., TDCJ-CID*, CIV.A. 6:09CV229, 2009 WL 2047224, at *1 (E.D. Tex. July 7, 2009); *McComb v. Lawler*, CIV.A.1:08CV595LGRHW, 2009 WL 367222, at *1 (S.D. Miss. Jan. 27, 2009); *Bewton v. Cockrell*, CIV.A.4:03-CV-0102-A, 2003 WL 21350358, at *2 (N.D. Tex. June 6, 2003).

In other words, a lack of subject-matter jurisdiction based on a defective indictment or other grounds could not have been waived in Sarringar's original, criminal case. However, by bringing these grounds in the instant habeas petition, he is not challenging this Court's jurisdiction. His habeas petition remains subject to AEDPA's statute of limitations, which bars it as untimely.

## CONCLUSION

After considering the pleadings and the applicable law, the undersigned **RECOMMENDS** that United States District Judge Reed C. O'Connor **DISMISS** the Petition for Writ of Habeas Corpus (ECF No. 1) **with prejudice** as time-barred.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed July 6, 2018.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE